Crede CG III, Ltd. v Tanzanian Gold Corp. (2020 NY Slip Op 00822)





Crede CG III, Ltd. v Tanzanian Gold Corp.


2020 NY Slip Op 00822


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


651156/18  10942B 10942A 10942

[*1]10942C Crede CG III, Ltd., Plaintiff-Respondent,
v
Tanzanian Gold Corporation, formerly known as Tanzanian Royalty Exploration Corp., Defendant-Appellant.


Lewis Brisbois Bisgaard & Smith LLP, Sacramento, CA (Greg Johnson of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
McDermott Will & Emery LLP, New York (Andrew B. Kratenstein of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (O. Peter Sherwood, J.), entered August 19, 2019, directing defendant to deliver to plaintiff 1,332,222 shares of plaintiff's stock and declaring that the stock purchase agreement and Warrants (including the Exchange Formula) are valid and binding legal obligations that defendant is required to honor, unanimously affirmed, with costs. Appeal from orders, same court and Justice, entered November 23, 2018, June 20, 2019, and August 6, 2019, which denied defendant's motions for a stay and granted plaintiff's motion for summary judgment on its specific performance and declaratory judgment claims, unanimously dismissed, without costs, as subsumed in the appeal from the order and judgment.
The court providently exercised its discretion in declining to stay this litigation pending resolution of defendant's later-filed federal action asserting related securities law violations against plaintiff (Banque Indosuez v Pandeff , 193 AD2d 265, 269 [1st Dept 1993], lv dismissed 86 NY2d 809 [1995]).
Furthermore, the court properly declined to find that defendant's alleged defenses raised a triable issue of fact or that defendant demonstrated an entitlement to discovery. The court correctly rejected defendant's arguments that it could avoid its obligations under the warrants based on allegations that plaintiffs acted fraudulently with respect to the definition of the Black Scholes Value included in the operative documents and based on allegations that plaintiff violated the securities laws by engaging in a complex market manipulation scheme to drive down defendant's stock price.
In addition, we reject defendant's argument that an issue of fact exists as to whether plaintiff engaged in conduct that resulted in its exceeding the beneficial ownership limitation in Section 1(f) of the warrants. Plaintiff demonstrated that it was never the beneficial owner of more than 9.9% of defendant's outstanding stock at any time it sought to exercise additional warrants. In this regard, plaintiff submitted evidence that each time it received shares of defendant, it liquidated those shares prior to exercising additional warrants. In response, defendant failed to submit evidence that plaintiff owned a beneficial ownership in defendant [*2]greater than 9.9% at the relevant time at issue.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK